IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv492

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) ) ) Plaintiff, ) ) Vs. ) ) ALTAMONT DEVELOPMENT, LLC; ) and KCB CONSTRUCTION ) COMPANY, INC., ) ) Defendant. ) ) | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court upon defendants' Motion to Dismiss, presumably contained in the First Affirmative Defense of defendants Answer. Having carefully considered defendants' Motion to Dismiss and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

**I.    Background**

This is declaratory judgment action filed under 28, United States Code, Section 2001, which invokes this court's diversity jurisdiction. 28 U.S.C. § 1332. It is

undisputed that the parties are diverse and that the amount in controversy is sufficient. The sole issue presented in the Motion to Dismiss is whether this court should exercise its discretion and hear this declaratory judgment action (which concerns plaintiff's duty to defend defendants under a policy of insurance) while the lawsuit which this action concerns is progressing through state court. For the reasons discussed below, the undersigned will respectfully recommend that the Motion to Dismiss be denied and that the district court exercise its discretion and allow this matter to proceed. The undersigned will further recommend that this action be set for expedited resolution inasmuch as the letter from counsel for defendants (attached as Exhibit A to the plaintiff's Response) indicates the issue for resolution by this court is a narrow one, not likely to much discovery.

## II. The Issue Presented in the Complaint Seeking Declaratory Relief

In its Complaint, plaintiff seeks a declaration that it has no duty to defend these defendants in Benbow & Associates, Inc. v. Altamont Development, LLC, *et al*, 08CVS775 (2008) (hereinafter "the state court action"), which is pending before the North Carolina General Court of Justice, Superior Court Division, Buncombe County. Compl., at ¶ 10. In the state court action, plaintiff therein alleges that it had contracted with Altamont to be its exclusive vendor or cabinetry for a residential development known as "Reynolds Mountain." Id., at ¶ 11. Plaintiff therein further

alleged that it holds a copyright in the cabinet designs it prepared and supplied to plaintiff for use in such project. Id. Plaintiff therein further alleged that defendants refused to honor the exclusive vendor agreement, but instead wrongfully copied the plaintiff's cabinet designs and used them in such development, causing such plaintiff damages. Id. Such plaintiff has asserted claims against defendants in the state court action which includes causes of action for breach of contract, unfair competition, and copyright violation. Id. Presently, plaintiff herein is providing defendants herein with a defense to the state court action with a reservation of rights. Id., at ¶ 12.

While it is clear that plaintiff herein is seeking a declaration that it has no duty to defend as to *any* of the claims made against defendant in the state court action, see Complaint, 1st & 2nd Causes of Action, it is apparent from the pleadings that the central issue for resolution in this action is the meaning of an exception to an exclusion for copyright infringement in an "advertisement." Plaintiff's Brief, at 6. The undersigned agrees that this is a narrow issue capable of swift resolution by this court.[1]

### III. Applicable Standard of Review

Defendants appear in the caption of their brief to invoke Rule 12(b)(6), Federal

---

[1] Although afforded an opportunity to reply, L.Cv.R. 7.1, defendants did not reply or contest plaintiff's description of the likely issues for resolution.

Rules of Civil Procedure, as the basis for this motion. Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6)

4

scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motion, the court has accepted as true the facts alleged by plaintiff in the Complaint and will view them in a light most favorable to plaintiff.

## IV. Discussion

### A. Introduction

Both the undersigned and the district court have recently had occasion to

address whether a declaratory judgment, which seeks a determination of coverage, should be entertained where the substantive action was proceeding apace in state court. Hartford Casualty Insurance Company v. BB&T Financial Corporation, 131 F. Supp.2d 752 (W.D.N.C 2001); Crum & Forster Specialty Insur. Co. v. Triple J Framing, Inc., 5:06cv160 (W.D.N.C. 2006). In each case, this court exercised its discretion and dismissed or held in abeyance the federal declaratory judgment action. Each of those decisions, however, was distinguishable in that they involved complex litigation that was ongoing in other states as well as complex coverage issues.

### B. Exercise of Discretion in Section 2001 Actions

Under the Declaratory Judgment Act, federal courts exercise discretion in determining whether to allow an action to proceed even where the suit satisfies federal subject matter jurisdiction. Wilton v. Seven Falls Company, 515 U.S. 277, 282 (1995); Aetna Casualty and Surety v. Alpha Mechanical, Inc., 9 F.Supp.2d 585, 587 (W.D.N.C. 1998). "[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial…." Wilton, supra, at 288. When deciding whether to allow the continuation of a federal action which parallels a state court proceeding, courts consider "whether the controversy can better be settled in the proceeding pending in the state court." Centennial Life Insurance Company v. Poston, 88 F.3d 255, 256 (4th Cir. 1996). The

overriding concern is whether "the claims of all parties in interest can satisfactorily be adjudicated in [the state court] proceeding…." Wilton, supra, at 283. The Supreme Court has specifically cautioned that where there is "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." Id. (citation omitted).

In the courts of the Fourth Circuit, this inquiry is aided by consideration of a number of specific factors. See Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). These factors include:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
(2) whether the issues raised in the federal actions can more efficiently be resolved in the court in which the state action is pending;
(3) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and
(4) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable.

Id., at 257 (citations and corresponding quotation marks omitted). The court will consider each factor *seriatim*.

    **C.    The First Factor: North Carolina's Interest in the Subject Matter of this Declaratory Judgment Action.**

The first factor to consider is the forum state's interest in the subject matter of the declaratory judgment action pending in federal court, the coverage of a policy of insurance. While North Carolina law may well be applied in interpreting a contract of insurance, the central issue (as discussed above) is whether the policy provides coverage for defendants alleged infringing use of cabinet plans in model homes. Defendants apparently contend that such claim is sufficient to invoke coverage under the policy. Although it is possible that common law issues of copyright governed by state law may arise in interpreting this provision of the contract, it would appear more probable than not that any issues of copyright will be governed by the Federal Copyright Act, 17 U.S.C. § 410 *et seq.*, laws with which the federal courts are most familiar.

Clearly, the issues to be resolved in the state court are separate and distinct from the issues to be resolved in this case. While the State of North Carolina certainly has an interest in the resolution of insurance coverage for insureds in this state, it is unlikely that the issues presented to this court will be groundbreaking or involve legal issues that are best left to North Carolina courts to decide in the first instance. To the extent novel issues may arise, it appears likely that they will arise in the context of federal copyright law and may involve determination of whether supposed infringing use of copyrighted material in a model home constitutes

"advertising." This factor weighs slightly in favor of exercising this court's jurisdiction.

### D. The Second Factor: Judicial Efficiency

Consideration of these factors requires review of the Complaint herein juxtaposed with the Amended Complaint in the state court action. Docket Entry #1; c.f. Docket Entry #1-2. While it is possible that this action could be brought in state court, and perhaps heard by the same superior court judge, the court does not believe it would be resolved in the same action. It would appear that the state action has been filed for nearly a year and that it is presently on appeal; juxtaposed with this action, which will soon be governed by a Pretrial Order, which will have the case to summary judgment in short order. The undersigned finds that it would be inefficient to dismiss this action inasmuch as (1) this action can be promptly resolved and (2) dismissal in this court would likely require plaintiff to recommence the action in state court. This factor weighs in favor of exercising the court's jurisdiction.

### E. Third Factor: Court Entanglement.

The primary concern expressed in Nautilus is not with the timing of actions, but with whether courts are being asked to decide issues *ad hoc*. Efficiency is not synonymous with speed. The court believes that in the context of Nautilus, efficiency means the efficient use of court resources, which as a baseline would counsel against

two courts gearing up to resolve issues stemming from the same operative facts. Piecemeal litigation is particularly draining on scarce judicial resources. The court in Hartford held, as follows:

> The second and third [Nautilus] factors, along with the prohibition against trying a controversy by piecemeal, are particularly salient. While it is true that this Court could efficiently adjudicate the rights and responsibilities between [the parties to this action], the rights of all of the parties involved in the underlying dispute can be resolved in the single action now pending in South Carolina state court.

Hartford, supra, at 755 (emphasis deleted). Even with Hartford and Nautilus in mind, the undersigned still finds that resolution of this dispute in this court would not result in piecemeal litigation inasmuch as issues pending in state court, i.e., breach of contract and copyright infringement, etc., do not overlap with the narrow issue of coverage presented in this matter concerning the meaning of an exception to an exclusion for copyright infringement in an "advertisement." There being no readily apparent overlapping or judicial entanglement, this factor weighs in favor of exercising the court's jurisdiction.

### F. The Fourth Factor: the Race for *Res Judicata*.

The fourth factor requires consideration of whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for *res judicata* or to achieve a federal hearing in a case

otherwise not removable. Unlike pure intellectual property litigation, where the race to the courthouse is paramount, Genentech, Inc. v. Eli Lilly and Co., 27 U.S.P.Q.2d 1241 (Fed. Cir. 1993), abrogated on different grounds, Wilton, supra, little significance is given to the fact that the federal declaratory judgment action was filed prior to the parallel state declaratory action. Poston, supra, at 258 ("although the federal action was filed first, we decline to place undue significance on the race to the courthouse door...."). In this case, the state court action had long been filed; however, it appears to the court that no assertion or claim was made therein concerning this policy of insurance or its coverage. See Docket Entry #1-2. There appears to be no procedural fencing going on and there is little to be gained in pursuing this action in federal court over state court. Indeed, when this action was filed in this court, plaintiff well knew of the pendency of the action in state court and had been providing defendants with a defense based on a reservation of rights under the policies. Thus, it is just as inconvenient for plaintiff as it is for defendants to litigate this action in this court. This factor is neutral.

### G. Conclusion

Under the Nautilus factors, it is not a question of whether a court "can" resolve an issue but, rather, a question of whether it "should." Having weighed the factors both quantitatively and qualitatively, it appears to the undersigned that the interests

in comity, deference, and economy require a recommendation that the Motion to Dismiss be denied and that the district court exercise its discretion in favor of retention of this matter in this court.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss (contained in the Answer #6) be **DENIED** and that the parties file, within 14 days of the district court's disposition of this Recommendation, a joint Certification of Initial Attorneys Conference and proposed Pretrial Order, therein providing for the expedited disposition of this matter**.**

While the undersigned appreciates the fine briefing of this matter, the court would ask that further filings be made by PDF (rather than e-copied or scanned documents) so that the benefits of ECF can be fully maximized by the court and the parties. Defendants are also advised to closely review the requirements of the Local Civil Rules concerning line spacing and font size.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of

same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: February 9, 2009

Dennis L. Howell
United States Magistrate Judge