# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv492

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| ALTAMONT DEVELOPMENT, LLC; and KCB CONSTRUCTION COMPANY, INC., | ) ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court upon the Certificate of Initial Attorneys Conference and the development of a Pretrial Order. On February 9, 2009 this court filed a Memorandum and Recommendation(#9) concerning possible dismissal of this action brought under the Declaratory Judgment Act. In recommending that the district court exercise its discretion and allow this matter to proceed, a factor the court considered and discussed was judicial economy. Specifically, the plaintiff represented in its Response (Docket Entry #8) as follows:

> Resolution of the state action may require the "extensive discovery" of which the defendants warn, but there is no reason to assume this action will require much more than production of a certified copy of the Cincinnati policy. And, when Cincinnati moves for summary judgment,

1

> the Court will be required to view all assertions and inferences in favor
> of the defendants; discovery will add nothing to this process.

Id., at 6-7 (emphasis added). Other representations were made stating that only a very narrow issue was being presented to the court to determine. Such representations were made to this court little more than two months ago. The defendants did not file a Reply contesting these representations. This court relied upon the truthfulness of these statements and, in large part, based upon these representations made its recommendation to the district court to deny motion of the defendants. Neither the plaintiff nor the defendants filed any objections and the district court accepted the recommendation and entered an Order dismissing the motion of the defendants(#11). Now, in the CIAC, plaintiff, as well as defendants, represent to the court that they need, among other things, up to a total of 100 hours for deposition of fact witnesses, 80 hours for deposition of expert witnesses, dozens of requests for admission and interrogatories, discovery of metadata, dispositive motions not filed until December 2009, and a trial lasting five days.

These pleadings present a complete dichotomy between the representations which have been made to this court regarding the motion to dismiss and now the representations regarding the extent of discovery needed in this dispute. The court will require counsel for plaintiff to explain why his opinion of the case has now

changed so dramatically and what event has occurred since January to justify such a departure. The court will also hear from counsel for defendants as to why a Reply was not filed. More importantly, the CIAC raises real concerns as to whether the previously entered recommendation should be withdrawn and a new recommendation be entered recommending dismissal, citing to representations made in the CIAC.

**ORDER**

**IT IS, THEREFORE, ORDERED** that a hearing is **CALENDARED** for April 2, 2009, at 2 p.m., to determine whether a Pretrial Order should be entered or whether a new Memorandum and Recommendation should be entered.

Signed: March 18, 2009

Dennis L. Howell
United States Magistrate Judge