# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:08cv492

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| Vs. ) ) | ORDER |
| ALTAMONT DEVELOPMENT, LLC; ) and KCB CONSTRUCTION ) COMPANY, INC., ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the court upon the court's own motion to reconsider defendants' Motion to Dismiss and upon the direction of the district court. This is a declaratory judgment action filed under 28, United States Code, Section 2001, which invokes this court's diversity jurisdiction. 28 U.S.C. § 1332. It is undisputed that the parties are diverse and that the amount in controversy is sufficient. The sole issue presented in the Motion to Dismiss is whether this court should exercise its discretion and hear this declaratory judgment action. In the undersigned's earlier Memorandum and Recommendation that the Motion to Dismiss be denied, it was recommended that

> this action be set for expedited resolution inasmuch as the letter from
> counsel for defendants (attached as Exhibit A to the plaintiff's

1

> Response) indicates the issue for resolution by this court is a narrow one, not likely to require much discovery.

After such recommendation was accepted by the district court, the parties met as required by the Local Civil Rules and conducted an Initial Attorneys Conference. The parties thereinafter timely submitted to the court their CIAC and Proposed Pretrial Order, which sought discovery antithetical to the representations made in the plaintiff's response and in the letter from defendants' counsel.[1] Indeed, the CIAC and subsequent hearing made it clear that litigation would not be expeditious in this court and that this court could not resolve all the claims asserted and would have to stay its hand, at least as to the indemnification claim, until the state action was tried and resolved. See Waste Mgmt. of the Carolinas v. Peerlees Ins. Co., 315 N.C. 688, 691 (1986).

With the permission and at the instruction of the district judge to whom this action is assigned, the undersigned now withdraws his earlier Memorandum and Recommendation as well as the district court's Order affirming such recommendation. The parties will be allowed up to and inclusive of April 17, 2009, to submit supplemental briefs of not more than five pages to the court on the issue of

---

[1] The court specifically finds that such representations were not misrepresentations; rather, it appears after hearing that respective counsel simply underestimated the discovery needs of this case in light of the claims presented and may have been under a misapprehension that this court would stay this action for a number of years or dismiss the action without resolution of all claims.

whether this court should exercise its discretion and hear this matter under Section 2201. The parties should pay particular attention to how having one claim capable of quick resolution( the duty to defend) and another issue not capable of resolution until the state court action is resolved (indemnification) impacts the court's exercise of discretion under Section 2201. The parties should succinctly address the following Nautilus factors:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and

(3) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law.

The fourth factor appears to not be in play, but the court would instead ask the parties to address the possible consequences of this court being able to resolve plaintiff's first claim but not being able to resolve the second claim until some time after the state court jury returns its verdict and appeals are exhausted. The court is also concerned with: (1) the potential for inconsistent judgments; and (2)piecemeal litigation.

When determining whether to allow the continuation of a federal action which parallels a state court proceeding, courts are required to consider "whether the controversy can better be settled in the proceeding pending in the state court." Centennial Life Insurance Company v. Poston, 88 F.3d 255, 256 (4th Cir. 1996). The overriding concern is whether "the claims of all parties in interest can satisfactorily be adjudicated in [the state court] proceeding…." Wilton v. Seven Falls Co., 515 U.S. 277, 283 (1995). The Supreme Court has specifically cautioned and reaffirmed that where there is

> another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed.

Id. (citation omitted). While plaintiff herein is not a party to the state action, it is defending that action under a reservation of rights and there is no impediment that this court can discern which would prevent it from filing a state declaratory judgment action and seeking joinder of that proceeding.

The parties are advised that the undersigned has addressed this issue in a number of cases, including: Crum & Forster Specialty Insur. Co. v. Tripple J Framing, Inc., 5:06cv160 (W.D.N.C. 2008); Galvatubing, Inc. v. Commonwealth Aluminum Tube Enterprises, Inc., 1:09cv3 (W.D.N.C. 2009); National Fire Insur. Co.

of Hartford v. Robertson, 1:08cv516 (W.D.N.C 2009); and Pennsylvania Nat'l Mut. Cas. Insur. Co. v. Carriage Park Assoc., LLC, 1:08cv363 (W.D.N.C 2008).

Respective counsel should be well aware that judicial resolution of the pending motion is not the only means to resolve the issue of where these claims should be resolved. Both the district court and the undersigned strongly encourage the parties to make good use of the required conference of counsel before filing their respective briefs. Finally, the court greatly appreciates the professionalism and demeanor of counsel that has been exhibited throughout this action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the undersigned previous Memorandum and Recommendation in this matter is **WITHDRAWN,** and upon the direction of the district court its Order affirming such recommendation is **STRICKEN**. The Clerk of this court is instructed to return to show as "pending" defendants' Motion to Dismiss.

(2) the parties shall file supplemental briefs not exceeding five pages not later than April 17, 2009; and

(3) counsel for the parties shall meet by telephone or other means not later

than April 10, 2009, and discuss whether there is another mutually agreeable forum available that could, without the problems outlined in Nautilus, address all of plaintiff's and defendants' claim(s) asserted in this declaratory judgment action.

Signed: April 3, 2009

Dennis L. Howell
United States Magistrate Judge